# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNNIE LEE REEVES, | ) |
| Petitioner, | ) |
| -vs- | ) Case No. CIV-19-602-F |
| JEORLD BRAGGS, JR., | ) |
| Respondent. | ) |

## ORDER

On January 28, 2020, United States Magistrate Judge Shon T. Erwin issued a Report and Recommendation, recommending that petitioner, Johnnie Lee Reeves's combined brief in support of his 28 U.S.C. § 2254 habeas corpus petition and motion for protective order (doc. no. 3), construed as a motion for stay and abeyance, be denied. *See*, doc. no. 16. In addition, Magistrate Judge Erwin recommended that petitioner's § 2254 habeas corpus petition (doc. no. 1) be denied. *Id.*

Upon motion, the court granted petitioner a 20-day extension of time to file an objection to the Report and Recommendation. *See*, doc. no. 19. Rather than object to the Report and Recommendation, petitioner moved to dismiss his § 2254 habeas corpus petition and his motion for protective order. *See*, doc. no. 20. Respondent has not filed a response in opposition to the motion within the time prescribed by the court's Local Civil Rules.

Rule 41(a)(2), Fed. R. Civ. P., governs petitioner's motion because respondent has filed a response to the § 2254 habeas corpus petition. *See*, Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir. 1993). A dismissal under Rule 41(a)(2) is "within the

sound discretion of the court," and in exercising that discretion, the court should consider "the purposes of Rule 41(a)(2)." *Id*. "[T]he important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties." *Id*. (quotations omitted). "It is the prejudice to the [opposing party], rather than the convenience of the court, that is to be considered in passing on a motion for dismissal." *Id*. (quotation omitted). Factors for the court to consider in this evaluation include "the [opposing party's] effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the [movant] in prosecuting the action, [and] insufficient explanation for the need to take a dismissal." *Id*. (quotations omitted).

Respondent has expended effort and expense in filing the response and objection to petitioner's motion for stay and abeyance and compiling the state court records and transcripts. The court, however, does not find the effort and expense to be significant. Although petitioner delayed in filing his motion until after he received Magistrate Judge Erwin's Report and Recommendation, it does not appear that petitioner has lacked diligence in prosecuting this matter. Petitioner does not provide an explanation for his requested dismissal, but notably, respondent does not oppose the dismissal. The court is also cognizant of the restrictions placed on the filing of any second or successive habeas petitions under § 2254. Upon review of the factors and the record, the court is not convinced that respondent would suffer prejudice from a dismissal under Rule 41(a)(2). Therefore, the court, exercising its discretion, shall grant petitioner's motion. Pursuant to Rule 41(a)(2), the dismissal shall be without prejudice.

Accordingly, the Motion to Dismiss Writ of Habeas Corpus (doc. no. 20), filed by petitioner, Johnny Lee Reeves, is **GRANTED**. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (doc. no. 1) is **DISMISSED WITHOUT PREJUDICE** under Rule 41(a)(2), Fed. R. Civ. P. In

light of the dismissal, the Report and Recommendation of Magistrate Judge Shon T. Erwin (doc. no. 16) as well as Petitioner's Combined Brief in Support for Writ of Habeas Corpus and Motion for Protective Order (doc. no. 3), construed as a motion for stay and abeyance, are **DECLARED** as **MOOT**.

    IT IS SO ORDERED this 28th day of April, 2020.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0602p003.docx